JUDGE NATHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANTHONY OKAFOR,

                              Plaintiff,

      -against-

THE CITY OF NEW YORK; POLICE OFFICER
JOSHUA VALDEZ, Shield No. 015354; JOHN and JANE
DOE 2 – 5, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                              Defendants.

------------------------------------------------------------x

12 CV 6252

COMPLAINT

JURY TRIAL DEMANDED



## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.    Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Anthony Okafor ("Plaintiff" or "Mr. Okafor"), an African-American male, is a resident of Bronx County in the City and State of New York.

7. Defendant The City of New York is a municipal organization organized under the laws of the State of New York. It operates the New York City Police Department ("NYPD"), a department or agency of Defendant The City of New York. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named Defendants herein.

8. Defendant Police Officer Joshua Valdez ("Valdez"), Shield No. 015354, at all times relevant herein, was an officer, employee, and agent of the NYPD. He is sued in his individual and official capacities.

9. At all times relevant herein, defendants John and Jane Doe 2 through 5 were police officers, detectives, or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 2 through 5. Defendant John and Jane Doe 2 through 5 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting as agents, servants, and employees of defendant The City of New York and the NYPD.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. On or about December 14, 2010, Mr. Okafor was lawfully inside of a vehicle located at the Friendly Motel on Gun Hill Road and Boston Road, in Bronx, New York.

13. Mr. Okafor was inside of the vehicle with two other individuals.

14. A police van pulled next to the vehicle and Defendants Valdez, John Doe 2, and Jane Doe 3 got out of the police van and approached the vehicle.

15. Defendants Valdez, John Doe 2, and Jane Doe 3 ordered Mr. Okafor and the other occupants of the vehicle to get out of the vehicle.

16. John Doe 2 frisked the Mr. Okafor and the other two individuals.

17. As John Doe 2 frisked Mr. Okafor's groin, his hand brushed against Mr. Okafor's penis and John Doe 2 asked Mr. Okafor if it was a weapon.

18. Defendant Valdez proceeded to search the vehicle without permission or a warrant.

19. John Doe 2 took Mr. Okafor and the other two individuals, separately, behind a garbage bin and subjected each of them to an illegal, humiliating, and unjustified strip and body cavity search.

20. During his strip search, Mr. Okafor was asked by John Doe 2 where the marijuana was.

21. Mr. Okafor replied that there was no marijuana.

22. John Doe 2 responded that, since no one would confess to having marijuana, everyone would be arrested.

23. No contraband or illegal items were found on Mr. Okafor or in his possession.

24. No contraband or illegal items were found in the vehicle that had been occupied by Mr. Okafor or his two companions.

25. Despite this, Plaintiff was arrested and transported to the 47th Precinct.

26. Upon information and belief, Plaintiff's arrest was approved by John Doe 5.

27. At the 47th Precinct, Plaintiff was again subjected to an illegal, unjustified, and humiliating strip search, and was made to squat and cough.

28. Plaintiff was held at the precinct for several hours before being released with a Desk Appearance Ticket.

## FIRST CAUSE OF ACTION
*42 U.S.C. § 1983*

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants, by their conduct toward Plaintiff as alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

31. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## SECOND CAUSE OF ACTION
*Unlawful Stop and Search*

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## THIRD CAUSE OF ACTION
*False Arrest*

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein alleged.

### FOURTH CAUSE OF ACTION
*Denial of Substantive Due Process*

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. The individual Defendants created false evidence against Plaintiff.

40. The individual Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's Office.

41. In creating false evidence against Plaintiff, and in forwarding false evidence to prosecutors, the individual Defendants violated Plaintiff's right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### FIFTH CAUSE OF ACTION
*Malicious Abuse of Process*

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. The individual Defendants issued legal process to place Plaintiff under arrest.

45. The individual Defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their unlawful stop, search, and assault of Plaintiff.

46. The individual Defendants acted with intent to do harm to Plaintiff without excuse or justification.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## SIXTH CAUSE OF ACTION
*Failure to Intervene*

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

50. Accordingly, the Defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein alleged.

## SEVENTH CAUSE OF ACTION
*Equal Protection Clause under 42 U.S.C. § 1983*

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. The Defendants' conduct was tantamount to discrimination against Plaintiff based on the color of his skin. Other individuals who are not Black are not stopped; assaulted; and strip and body cavity searched. This disparate treatment caused Plaintiff to suffer serious injuries.

54. As a result of the foregoing, Plaintiff was deprived of rights under the Equal Protection Clause of the Constitution of the United States, and is thereby entitled to damages.

### EIGHTH CAUSE OF ACTION
*Conspiracy under 42 U.S.C. § 1983*

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. The Defendants jointly participated in the deprivation of Plaintiff's constitutional rights as set forth herein.

57. The Defendants conspired in the deprivation of Plaintiff's constitutional rights by collectively lying about Plaintiff's actions and conduct, and intentionally withholding and/or destroying exculpatory evidence and information in order to support the Defendants' fabricated version of the events.

58. As a result of the Defendants' malicious efforts to damage Plaintiff, Plaintiff's liberty was restricted, he was restrained, injured while in custody, subjected to handcuffing, strip searched, body cavity searched, and, among other things, falsely arrested and prosecuted.

59. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein alleged.

### NINTH CAUSE OF ACTION
*Supervisory Liability under 42 U.S.C. § 1983*

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. Defendant John Doe 5, an NYPD supervisor, personally caused Plaintiff's constitutional injuries by being deliberately or conciously indifferent to the rights of others in failing to properly supervise his subordinate employees regarding the adequate and proper investigation of the underlying facts that preceeded Plaintiff's arrest, and by approving Plaintiff's arrest despite the availability of exculpatory evidence and/or the lack of probable cause.

62. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## TENTH CAUSE OF ACTION
*Monell*

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. This is not an isolated incident. Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Plaintiff.

65. Defendant The City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

66. Defendant The City of New York, through the NYPD, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence, and perjury.

67. Defendant The City of New York, through the NYPD, has a *de facto* overtime policy that encourages and incentivizes unlawful stops, unlawful searches, false arrests, the fabrication of evidence, and perjury.

68. Defendant The City of New York, at all relevant times, was aware that the individual Defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices, and customs to stop this behavior.

69. Defendant The City of New York, at all relevant times, was aware that the individual Defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

70. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all Defendants, jointly and severally;

(b) Punitive damages against the individual Defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 14, 2012

By: _____
GREGORY P. MOUTON, JR. (GM-4379)
The Law Office of Gregory P. Mouton, Jr.
Attorney for Plaintiff
244 5th Avenue, Suite G247
New York, NY 10001
Phone & Fax: (646) 706-7481

cc:

The Law Office of D. Andrew Marshall
Attorney for Plaintiff
225 Broadway, Suite 1804
New York, NY 10007
Phone: (212) 571-3030
Fax: (212) 587-0570

Index No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY OKAFOR,

Plaintiff,

-against-

THE CITY OF NEW YORK; POLICE OFFICER JOSHUA VALDEZ, Shield No. 015354; JOHN and JANE DOE 2 – 5, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

COMPLAINT

The Law Office of Gregory P. Mouton, Jr.
Attorney for Plaintiff
244 5th Avenue, Suite G247
New York, NY  10001
Phone & Fax: (646) 706-7481