UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ANTHONY OKAFOR,

                                      Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER JOSHUA VALDEZ, POLICE OFFICER KELVIN OZUNA, POLICE SERGEANT AMANJEET SANDHU, POLICE OFFICER JANE DOE 4, and POLICE OFFICER JOHN DOE 5,

                                      Defendants.

------------------------------------------------------------------------x

FIRST AMENDED COMPLAINT

12 Civ. 6252 (AJN)

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Anthony Okafor ("Plaintiff" or "Mr. Okafor"), an African-American male, is a resident of Bronx County in the City and State of New York.

7. Defendant The City of New York is a municipal organization organized under the laws of the State of New York.

8. Defendant The City of New York operates the New York City Police Department ("NYPD"), a department or agency of Defendant The City of New York.

9. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named Defendants herein.

10. At all times relevant herein, Defendant Police Officer Joshua Valdez ("Valdez") was an officer, employee, and agent of Defendant The City of New York.

11. At all times relevant herein, Defendant Valdez was acting within the scope of his employment with Defendant The City of New York.

12. At all times relevant herein, Defendant Valdez was acting under color of state law.

13. Defendant Valdez is sued in his individual and official capacities.

14. At all times relevant herein, Defendant Police Officer Kelvin Ozuna ("Ozuna") was an officer, employee, and agent of Defendant The City of New York.

15. At all times relevant herein, Defendant Ozuna was acting within the scope of his employment with Defendant The City of New York.

16. At all times relevant herein, Defendant Ozuna was acting under color of state law.

17. Defendant Ozuna is sued in his individual and official capacities.

18. At all times relevant herein, Defendant Police Officer Jane Doe 4 was an officer, employee, and agent of Defendant The City of New York.

19. At all times relevant herein, Defendant Police Officer Jane Doe 4 was acting within the scope of her employment with Defendant The City of New York.

20. At all times relevant herein, Defendant Police Officer Jane Doe 4 was acting under color of state law.

21. Defendant Police Officer Jane Doe 4 is sued in her individual and official capacities.

22. At all times relevant herein, Defendant Police Sergeant Amanjeet Sandhu ("Sandhu") was a supervisor, officer, employee, and agent of Defendant The City of New York.

23. At all times relevant herein, Defendant Sandhu was acting within the scope of his employment with Defendant The City of New York.

24. At all times relevant herein, Defendant Sandhu was acting under color of state law.

25. Defendant Sandhu is sued in his individual and official capacities.

26. At all times relevant herein, Defendant Police Officer John Doe 5 was an officer, employee, and agent of Defendant The City of New York.

27. At all times relevant herein, Defendant Police Officer John Doe 5 was acting within the scope of his employment with Defendant The City of New York.

28. At all times relevant herein, Defendant Police Officer John Doe 5 was acting under color of state law.

29. Defendant Police Officer John Doe 5 is sued in his individual and official capacities.

## STATEMENT OF FACTS

30. On or about December 14, 2010, Mr. Okafor was lawfully inside of a vehicle located at the Friendly Motel on Gun Hill Road and Boston Road, in Bronx, New York.

31. Mr. Okafor was inside of the vehicle with two other individuals.

32. A police van pulled next to the vehicle and Defendants Valdez, John Doe 2, and Jane Doe 3 got out of the police van and approached the vehicle.

33. Defendants Valdez, Ozuna, and Jane Doe 4 ordered Mr. Okafor and the other occupants of the vehicle to get out of the vehicle.

34. Defendant Ozuna frisked the Mr. Okafor and the other two individuals.

35. Defendant Ozuna lacked reasonable suspicion and/or probable cause to search Mr. Okafor and the other two individuals.

36. As Defendant Ozuna frisked Mr. Okafor's groin, his hand brushed against Mr. Okafor's penis and Defendant Ozuna asked Mr. Okafor if it was a weapon.

37. Defendant Valdez proceeded to search the vehicle without reasonable suspicion, probable cause, permission, or a warrant.

38. Defendant Ozuna took Mr. Okafor and the other two individuals, separately, behind a garbage bin and subjected each of them to an illegal, humiliating, and unjustified strip and body cavity search.

39. During his strip search, Mr. Okafor was asked by Defendant Ozuna where the marijuana was.

40. Mr. Okafor replied that there was no marijuana.

41. Defendant Ozuna responded that, since no one would confess to having marijuana, everyone would be arrested.

42. No contraband or illegal items were found on Mr. Okafor or in his possession.

43. No contraband or illegal items were found in the vehicle that had been occupied by Mr. Okafor or his two companions.

44. Despite this, the individual defendants arrested Mr. Okafor.

45. At some point Defendant Sandhu arrived at the scene.

46. At the scene, Defendant Sandhu approved the arrest of Mr. Okafor.

47. Mr. Okafor was transported to the 47th Precinct.

48. At the 47th Precinct, the individual defendants again subjected Mr. Okafor to an illegal, unjustified, and humiliating strip search, and was made to squat and cough.

49. Mr. Okafor was held at the precinct for several hours.

50. During Mr. Okafor's time at the precinct, the individual defendant drafted a Desk Appearance ("DAT") against Mr. Okafor, falsely charging him with violations of New York Penal Law §§ 221.10(1) and 221.05.

51. The DAT was given to Mr. Okafor and he was released from the precinct.

52. The individual defendants spoke with the Bronx County District Attorneys' Office (BCDAO), individually and collectively lying to the BCDAO that Mr. Okafor had violated New York Penal Law §§ 221.10(1) and 221.05.

53. The DAT was then forwarded by the individual defendants to the BCDAO.

54. The individual defendants continued to provide false information and evidence related to Mr. Okafor to the BCDAO until January 27, 2011.

55. On January 27, 2011, the BCDAO declined to prosecute Mr. Okafor.

## FIRST CAUSE OF ACTION
*42 U.S.C. § 1983*

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. Defendants, by their conduct toward Plaintiff as alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

58. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## SECOND CAUSE OF ACTION
*Unlawful Stop and Search*

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion and/or probable cause

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## THIRD CAUSE OF ACTION
*False Arrest*

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

64. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein alleged.

## FOURTH CAUSE OF ACTION
### *Denial of Substantive Due Process*

65. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66. The individual Defendants created false evidence against Plaintiff.

67. The individual Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's Office.

68. In creating false evidence against Plaintiff, and in forwarding false evidence to prosecutors, the individual Defendants violated Plaintiff's right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## FIFTH CAUSE OF ACTION
### *Malicious Abuse of Process*

70. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71. The individual Defendants issued legal process to place Plaintiff under arrest.

72. The individual Defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their unlawful stop, search, and assault of Plaintiff.

73. The individual Defendants acted with intent to do harm to Plaintiff without excuse or justification.

74. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## SIXTH CAUSE OF ACTION
### *Failure to Intervene*

75. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

77. Accordingly, the Defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

78. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein alleged.

## SEVENTH CAUSE OF ACTION
### *Equal Protection Clause under 42 U.S.C. § 1983*

79. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

80. The Defendants' conduct was tantamount to discrimination against Plaintiff based on the color of his skin. Other individuals who are not Black are not stopped; assaulted; and strip and body cavity searched. This disparate treatment caused Plaintiff to suffer serious injuries.

81. As a result of the foregoing, Plaintiff was deprived of rights under the Equal Protection Clause of the Constitution of the United States, and is thereby entitled to damages.

## EIGHTH CAUSE OF ACTION
### *Conspiracy under 42 U.S.C. § 1983*

82. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

83. The Defendants jointly participated in the deprivation of Plaintiff's constitutional rights as set forth herein.

84. The Defendants conspired in the deprivation of Plaintiff's constitutional rights by collectively lying about Plaintiff's actions and conduct, and intentionally withholding and/or destroying exculpatory evidence and information in order to support the Defendants' fabricated version of the events.

85. As a result of the Defendants' malicious efforts to damage Plaintiff, Plaintiff's liberty was restricted, he was restrained, injured while in custody, subjected to handcuffing, strip searched, body cavity searched, and, among other things, falsely arrested and prosecuted.

86. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein alleged.

## NINTH CAUSE OF ACTION
### *Supervisory Liability under 42 U.S.C. § 1983*

87. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

88. Defendant Sandhu, an NYPD supervisor, personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise his subordinate employees regarding the adequate and proper investigation of the underlying facts that preceded Plaintiff's arrest, and by approving Plaintiff's arrest despite the availability of exculpatory evidence and/or the lack of probable cause.

89. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## TENTH CAUSE OF ACTION
### *Monell*

90. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

91. This is not an isolated incident. Defendant The City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Plaintiff.

92. Defendant The City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

93. Defendant The City of New York, through the NYPD, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence, and perjury.

94. This quota policy requires that police officers, including the individual defendants named herein, make a certain number of arrests and/or write a certain number of summonses and desk appearance tickets within an allocated time period.

95. Officers that meet the required number of arrests, summonses, and desk appearance tickets are classified as active officers.

96. Officers that do not meet the required number of arrests, summonses, and desk appearance tickets are classified as inactive officers.

97. Active officers are given promotion opportunities that are not afforded to inactive officers.

98. Active officers are given overtime opportunities, such as security at parades, etc., that are not afforded to inactive officers.

99. The quota policy does not differentiate between arrests, summonses, and desk appearance that are supported by probable cause and ones that are note.

100. Defendant The City of New York, through the NYPD, does nothing to ensure that officers, in trying to fulfill this quota policy, are making arrests and issuing summonses and desk appearance tickets lawfully. There are no post-arrest investigations that are performed, and no policies in place that would prevent abuse of this policy, such as is demonstrated in the instant case.

101. Defendant The City of New York, through the NYPD, does nothing to determine the outcome of the charges levied against arrestees in order to proper counsel officers as to the lawfulness of their arrests/issuance of summonses and desk appearance tickets.

102. The failure of Defendant The City of New York to, inter alia, take these steps encourages, *inter alia*, unlawful stops, unlawful searches, false arrests, the fabrication of evidence, and perjury, in that the quota policy provides, *inter alia*, career and monetary incentives to officers, including the individual defendants herein.

103. Defendant The City of New York, through the NYPD, has a *de facto* overtime policy that encourages and incentivizes unlawful stops, unlawful searches, false arrests, the fabrication of evidence, and perjury.

104. Defendant The City of New York, through the NYPD, provides officers, including the individual defendants herein, with overtime opportunities when arrest are made, or summonses and desk appearance tickets are issued.

105. Upon making an arrest or issuing summons or desk appearance ticket, an arresting officer submits a request for overtime to his commanding officer.

106. These requests are essentially rubberstamped, with commanding officers performing no investigation into the circumstances of the arrest.

107. Defendant The City of New York, through the NYPD, does not perform any post-arrest investigation and there are no policies in place to prevent abuse of this overtime policy.

108. As a result of this overtime policy, officers, including the individual officers named herein, abuse this overtime policy, making baseless arrests and wrongfully issuing summonses and desk appearance tickets to substantially supplement their income through overtime pay.

109. Defendant The City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices, and customs to stop this behavior.

110. Defendant The City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

111. These policies, practices, and customs were the moving force behind Plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all Defendants, jointly and severally;

(b) Punitive damages against the individual Defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 9, 2013

By: _____
GREGORY P. MOUTON, JR. (GM-4379)
The Law Office of Gregory P. Mouton, Jr.
Attorney for Plaintiff
244 5th Avenue, Suite G247
New York, NY 10001
Phone & Fax: (646) 706-7481